IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Widmer Engineering, Inc.          :
                                       :
                  v.               :  No. 258 C.D. 2016
                                       :  Argued: February 6, 2018
Five-R Excavating, Inc. and    :
The Pennsylvania National      :
Mutual Casualty Insurance      :
Company, Inc.               :
                                       :
Appeal of: Five-R Excavating, Inc.  :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED: February 22, 2018

Five-R Excavating, Inc. (Five-R) appeals the order of the Beaver County Court of Common Pleas (trial court) granting Widmer Engineering, Inc. (Widmer) summary judgment on its claims for breach of contract and violation of Section 3933 of the Procurement Code;[1] granting Widmer summary judgment on

---

[1] 62 Pa. C.S. §3933. Section 3933 states, in relevant part:

> **(a) Performance by subcontractor entitles subcontractor to payment.**—Performance by a subcontractor in accordance with the

Five-R's counterclaims for breach of contract and professional negligence; and granting Widmer summary judgment on its claim of damages. We affirm.

This Court has summarized the facts of this case as follows:

> Widmer is a professional engineering firm. In order to bid for a design/build contract with the Pennsylvania Department of Transportation (PennDOT) for the replacement of culverts and bridges in Westmoreland County (Project), Five-R entered into a contract with Widmer for the engineering services necessary for the Project. PennDOT awarded the design/build contract to Five-R, who agreed to serve as a general contractor and to provide and procure all of the necessary design and engineering services for the Project. As required by PennDOT and the [Public Works Contractors' Bond Law of 1967[2]], Five-R, as principal, obtained [a payment bond (Bond)] from Penn National [Mutual Casualty Insurance Company, Inc. (Penn National)] to cover 100% of the contract price of $3,905,583.21. Widmer began providing services under its contract with Five-R and billed Five-R for those services. Eventually, Widmer suspended its performance of that contract due to Five-R's alleged

provisions of the contract shall entitle the subcontractor to payment from the party with whom the subcontractor has contracted. For purposes of this section, the contract between the contractor and subcontractor is presumed to incorporate the terms of the contract between the contractor and the government agency.

* * *

**(c) Payment.**—When a subcontractor has performed in accordance with the provisions of the contract, a contractor shall pay to the subcontractor . . . the full or proportional amount received for each such subcontractor's work and material, based on work completed or services provided under the subcontract, 14 days after receipt of a progress payment.

62 Pa. C.S. §3933(a), (c).

[2] Act of December 20, 1967, P.L. 86, *as amended*, 8 P.S. §§191-202.

failure to pay Widmer the amounts billed. [Five-R disputed whether Widmer fully complied with the contract and contended that it owed Widmer nothing more than that which it had already paid.] Widmer then sought payment from Penn National under the Bond, but Penn National would not pay.

*Widmer Engineering, Inc. v. Five-R Excavating, Inc. and The Pennsylvania National Mutual Casualty Insurance Company, Inc.*, (Pa. Cmwlth., No. 257 C.D. 2016, filed March 13, 2017), slip op. at 3 (footnote omitted).

As a result, Widmer filed a complaint against Five-R alleging breach of contract and violation of Section 3933 of the Procurement Code by failing to timely pay for completed work.[3] Five-R filed counterclaims of breach of contract and professional negligence, alleging that there were differences between Widmer's initial estimated material quantities and types and those that were actually needed for the Project, and that Widmer's engineers deviated from accepted professional standards. Widmer and Five-R filed cross-motions for summary judgment. Following argument, the trial court granted Widmer's motion for summary judgment on both its breach of contract claim and Procurement Code claim and on Five-R's claims for breach of contract and professional negligence. The trial court

---

[3] *Widmer Engineering, Inc.* involved this Court's affirmance of the trial court's order granting Penn National's preliminary objection and dismissing Widmer's complaint against Penn National seeking payment for the professional engineering services that it provided Five-R under either the Bond Law or the Bond itself.

subsequently granted Widmer summary judgment as to damages, awarding $872,988.92 in damages and interest. Five-R then filed this appeal.[4, 5]

Five-R claims that the trial court erred in: (1) granting Widmer summary judgment on its breach of contract claim and Five-R's breach of contract counterclaim; (2) granting Widmer summary judgment on its Procurement Code claim; (3) granting Widmer summary judgment on Five-R's professional negligence counterclaim; and (4) granting Widmer summary judgment and awarding Widmer $872,988.92 in damages. However, after reviewing the certified record, Five-R's brief, and the law, we conclude that the foregoing issues have been ably resolved in the thorough and well-reasoned opinions of the Honorable Deborah Kunselman. Therefore, we affirm the trial court's order based on the opinions in the matter of *Widmer Engineering, Inc. v. Five-R Excavating, Inc. and The Pennsylvania National*

---

[4] As the Supreme Court has explained:

> Our standard of review of the grant of summary judgment is de novo and our scope of review is plenary. A motion for summary judgment is properly made if "there is no genuine issue of any material fact as to a necessary element of the cause of action." Pa. R.C.P. [No.] 1035.2(1). Summary judgment may be entered only when, even after examining the record in the light most favorable to the non-moving party, and resolving of all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law. The grant of summary judgment may be reversed only if the lower court committed an error of law.

*Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011) (citations omitted).

[5] Five-R's appeal was filed in the Superior Court, but the matter was subsequently transferred to this Court. Additionally, Five-R filed a Petition for Relief in the United States Bankruptcy Court for the Western District of Pennsylvania under Title 11 of the United States Code. As a result, in May 2016, the instant appeal was stayed by this Court pursuant to 11 U.S.C. §362. After the Bankruptcy Court dismissed Five-R's case without prejudice, this Court vacated the stay of this appeal in August 2017, and will now consider its merits.

*Mutual Casualty Insurance Company, Inc.*, (C.P. Beaver., No. 10748-2011, filed March 25, 2015, and September 4, 2015).


 

 

 

                                         _____

                                         MICHAEL H. WOJCIK, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Widmer Engineering, Inc.     :

    :

        v.         : No. 258 C.D. 2016

    :

Five-R Excavating, Inc. and     :

The Pennsylvania National     :

Mutual Casualty Insurance     :

Company, Inc.     :

    :

Appeal of: Five-R Excavating, Inc.     :

# **O R D E R**

AND NOW, this 22nd day of February, 2018, the order of the Beaver County Court of Common Pleas dated September 4, 2015, at No. 10748-2011 is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge